IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AARON GRIMES,

    Petitioner,

v.                                            CASE NO. 1:20-cv-276-AW-GRJ

SECRETARY, FLA.
DEPT. OF CORRECTIONS,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner's Motion to Dismiss his successive Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). ECF No. 21. Because of a conflict in the record over whether Petitioner knowingly and voluntarily consented to have his counsel dismiss his Petition, the Court held an evidentiary hearing on June 27 and June 29, 2022, to resolve the conflict as well as to address the merits of the petition. For the reasons explained below the Court concludes that the motion to dismiss is due to be denied.

## I.  PROCEDURAL HISTORY

Petitioner Aaron Grimes ("Grimes") initiated this successive Petition[1], ECF No. 1, after the Eleventh Circuit Court of Appeals granted leave to do so.[2]  *In re: Aaron Grimes*, 20-13188 (11th Cir. 2020).  The Petition stems from Petitioner's 1996 Alachua County convictions on two counts of robbery with a firearm, for which he is serving a life sentence.  ECF No. 1 at 1.

The Eleventh Circuit permitted Grimes to file a successive petition based upon newly discovered evidence. The newly discovered evidence was contained in new affidavits from the two robbery victims and the purported real perpetrator of the crimes, Joseph Jenkins. Grimes contends these affidavits establish his "actual innocence."  ECF No. 1-2 at 22-24. The Eleventh Circuit appointed CJA Attorney Daniel F. Daly to represent Grimes in these proceedings.  *Id*. at 49.

---

[1] Petitioner previously sought federal habeas corpus relief from these same convictions. *Grimes v. Sec'y, Fla. Dep't of Corr*., Case No. 1:04-cv-432-AW-EMT (N.D. Fla.).

[2] Before a petitioner may file a second or successive § 2254 petition challenging the same conviction, he or she must first obtain an order from the court of appeals authorizing the district court to consider it.  *Holland v. Sec'y, Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (citing 28 U.S.C. § 2244(b)(3)(A)).

Nearly two years after the commencement of this action, Mr. Daly moved for leave to withdraw from the representation, citing "recently discovered evidence" that obligated him to withdraw under Rule 4-1.16(a), Rule 4-3.3, and Rule 4-6.2 of the Florida Rules of Professional Conduct. ECF No. 18 at 1.  The Court denied the motion, concluding that although the Rules require withdrawal under certain circumstances, Mr. Daly failed to provide the Court with the factual underpinnings of his ethical obligation to withdraw. ECF No. 19 at 3.  Further, Petitioner had yet to file a reply on the merits, so counsel needed to explain why the withdrawal should occur before a reply was filed.  *Id*.

Mr. Daly then filed an Amended Motion to Withdraw, ECF No. 20, shortly before he also filed the instant Motion to Dismiss, ECF No. 21.  In the Amended Motion to Withdraw, Mr. Daly said that he had interviewed one of the victim affiants, Mr. Quentin Arthur ("Arthur"), about his affidavit relied upon by the Eleventh Circuit in granting permission for Grimes to file a successive petition. *Id*.  In that interview, "Arthur disclaimed authoring, signing, or authorizing the signing of, the affidavit; he disavowed its contents and reaffirmed the testimony he gave at trial" that Grimes was the person who had robbed him at gunpoint. *Id*. at 2.  As a result, Mr. Daly

said that he "cannot ethically and in good faith advocate in support of the petition." ECF No. 20 at 2. The Court granted Mr. Daly leave to withdraw. ECF No. 22.

In the Motion to Dismiss, Mr. Daly represented that Grimes had authorized him to dismiss the Petition as "improvidently brought" "via prison email sent about noon today." ECF No. 21 at 1. One week after the Motion to Dismiss was filed, Grimes, proceeding *pro se*, filed a hand-written reply on the merits. ECF No. 23. In the reply, Grimes relied, in part, upon Arthur's affidavit to support the argument that he is actually innocent. *Id*. at 3.

Two weeks later, Respondent weighed in. ECF No. 25. In his response to the Motion to Dismiss, the Secretary argued that Arthur's affidavit constitutes "false evidence" as contemplated by the Florida Rules of Professional Conduct, as highlighted in Mr. Daly's motion to withdraw. *Id*. at 2. Further, the Secretary pointed to Mr. Daly's statement in the Motion to Dismiss that Grimes had, in fact, authorized him to move to dismiss the Petition. *Id*. at 3. Finally, the Secretary maintained that the sworn statements of each of the three affiants used to support this Petition "are inherently incredible" such that the Petition should be dismissed. *Id*.

Two days after Respondent voiced his views, Grimes filed his response, saying that he "did not dismiss his petition for a writ of habeas corpus", which he says was "filed in good faith." ECF No. 26 at 1. Grimes further stated that he "granted Mr. Daniel F. Daly … permission to withdraw from his case if he felt he couldn't represent petitioner properly because of the conflict of interest in this matter." *Id*. at 2. Grimes, however, stood by the affidavits, "under penalty of perjury", claiming that they "are truthful to the best of his knowledge." *Id*.

## II.  EVIDENTIARY HEARING

Because of the conflict in the record regarding the veracity of the affidavits used to support the Petition as well as the dispute over whether Grimes authorized Mr. Daly to dismiss the Petition, the Court held an evidentiary hearing. *See* ECF Nos. 27, 34, 45. During that hearing, Mr. Daly testified that he believed Grimes had authorized him to dismiss the Petition, but that he could have been mistaken because all such communications had taken place via the prison e-mail system (which resulted in some delays in transmission).

Using the prison's e-mail system, Mr. Daly communicated to Grimes that if he dismissed the Petition, then Mr. Daly would not need to disclose

to the Court the factual basis for counsel's reason to withdraw from this case—Arthur's statements denying any knowledge of his affidavit filed in support of Grimes' successive petition.  Def. Ex. 1.  Mr. Daly explained that if Grimes chose, however, not to dismiss the Petition, then Mr. Daly would need to inform the Court about Arthur's statements because those statements triggered M. Daly's ethical obligation not to proceed.  *Id*.

At the hearing, Grimes testified that he never intended to give Mr. Daly permission to dismiss the Petition.  Rather, Grimes had only consented to Mr. Daly's withdrawing from the case.  Grimes was unequivocal in stating that he never would have consented to dismissing his Petition, chiefly because he has been fighting for twenty-five (25) years to undo what he contends is his wrongful conviction.

In support of his position that the Petition should be dismissed, the Secretary pointed to an e-mail communication between Mr. Daly and Grimes in which Grimes says to "dismiss the petition".  *Id*.  The Secretary argued that phrase shows that Grimes indeed intended for Mr. Daly to dismiss the Petition.

Upon review of all the e-mails entered into evidence (5 pages), in conjunction with the sworn testimony the Court concludes that Grimes did

not intend to dismiss his petition. The e-mails do not show that Grimes unambiguously expressed his intent to dismiss the Petition.  *See id*. Moreover, the e-mail exchange concerning counsel's need to withdraw or dismiss the Petition was delayed (or blocked) by the prison e-mail system when Mr. Daly attempted to send Grimes a copy of this Court's order requesting information about the factual basis that supported Mr. Daly's need to withdraw.  That e-mail apparently was not received by Grimes in real time.  Under these circumstances, the Court is not persuaded that the lone phrase "dismiss the petition" in an isolated email is sufficient to overcome Grimes' sworn affidavits and hearing testimony that he never intended to dismiss his petition but only agreed that Daly could withdraw.

　　　　While the Court does not doubt Mr. Daly's sincerity in saying that he believed, at the time, Grimes authorized him to dismiss the Petition, the email exchange between Mr. Grimes and Mr. Daly appears to be a classic case of a failure to communicate.  Such a failure to communicate is certainly understandable given that all communications about dismissing the Petition were relayed via prison e-mail and not in face-to-face meetings between Mr. Daly and Mr. Grimes.

### III.     CONCLUSION

Accordingly, and upon due consideration, it is respectfully

**RECOMMENDED** that Petitioner's Motion to Dismiss, ECF No. 21, should be **DENIED**.

**IN CHAMBERS** in Gainesville, Florida this 1st day of July 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.